UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Pamela Tanner, | ) | C/A No.: 4:13-3057-JFA |
|                 Plaintiff, | ) | |
| v. | ) | ORDER |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
|               Defendant. | ) | |

This matter is before the court upon motion of the plaintiff's counsel, Robertson Wendt, Jr., for attorney fees (ECF No. 28) under the Social Security Act, 42 U.S.C. § 406(b). Counsel has submitted copies of the Notice of Award from the Commissioner and the signed Fee Agreement of the plaintiff.

The Commissioner has responded to the motion indicating that the Commissioner is not a party to § 406(b) fee awards, and that it has no objection to the amount of § 406(b) fees, insofar as that amount represents 25 percent of the past due benefits paid to the plaintiff and her children. The Commissioner suggests that the court ensure that plaintiff's attorney does not receive a windfall as a result of the hourly rate. The Commissioner indicates that the amount requested, $20,464.00 (or 25 percent of the past due benefits), results in an hourly rate of $1,225.39 for 16.7 hours of time spend by counsel in federal court.

Plaintiff's counsel petitions the court for approval of a court-related fee in the amount $20,464.00 pursuant to the terms of a written contingent-fee agreement with the plaintiff.

1

That contingent-fee agreement provides, in pertinent part, for the payment of attorney fees in the amount of 25% of all past-due benefits recovered.

Counsel also suggests that the Commissioner inadvertently failed to withhold 25 percent of the past-due auxiliary benefits of one of the plaintiff's children in the amount of $3,408.50, and that the court should order the Commissioner to certify payment of this amount to counsel and to charge this amount as an overpayment to the plaintiff's child.

In the United States Supreme Court case of *Gisbrecht v. Barnhart*, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act limiting attorney fees to 25% of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling, and instructs courts to review for reasonableness fees yielded by such agreements.

Upon review of the material submitted to the court, the undersigned finds that plaintiff counsel's request for attorney fees is reasonable.

Therefore, it is ordered that the Commissioner pay reasonable attorney fees totaling $20,464 to be drawn out of the 25% amount withheld from the plaintiff's past-due benefits. As this court has already awarded attorney fees to counsel under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) in the amount of $3,195.55, plaintiff's counsel must refund that amount ($3,195.55) to the plaintiff. *See Gisbrecht* at 796.

Additionally, the Commissioner is directed to certify payment in the amount of $3,408.50 and to charge such amount as overpayment to the plaintiff's child according to the

Commissioner's internal operating instructions, Program Operating Systems (POMS) § GN 03920.055, as this amount was inadvertently not withheld from the plaintiff's child.

    IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

Joseph F. Anderson, Jr.
United States District Judge

November 5, 2015
Columbia, South Carolina